UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZYBER SELIMAJ, individually and as executor/administrator of the ESTATE OF DESHIRA SELIMAJ and on behalf of his minor children ALBAN SELIMAJ, AZBI SELIMAJ, and ARBER SELIMAJ,, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF HENDERSON, an incorporated municipality in the State of Nevada, RICHARD PERKINS, in his capacity as Chief of Police of the City of Henderson Police Department, the COUNTY OF CLARK, a county in the State of Nevada, and DAVID ROGER, in his capacity as District Attorney for the County of Clark, <br><br>Defendants. | 02:08-CV-00441-LRH-LRL <br><br>ORDER |

Presently before the court is Plaintiffs' Emergency Motion to Remand or in the Alternative, Emergency Application for Preliminary Injunction (# 5[1]). Defendants have filed an opposition (# 7), and Plaintiffs replied (# 11).

**I. Factual and Procedural Background**

This action arises out of the fatal shooting of Deshira Selimaj ("Deshira"). Zyber Selimaj

---

[1]Refers to the court's docket number.

("Zyber") is the Husband of Deshira. Plaintiffs Alban Selimaj, Azbi Selimaj and Arber Selimaj are the minor children of Zyber and Deshira.

On February 12, 2008, Zyber was driving his ice cream truck in Henderson selling ice cream. An unmarked police vehicle pulled him over for alleged traffic violations. Zyber initially refused to sign the ticket issued by the officer. The officer, allegedly believing that a language barrier existed, contacted Deshira so that she could explain the situation to Zyber. As a result, Deshira traveled to the scene after picking up two of the couple's children.

Deshira, who was also driving an ice cream truck, parked approximately fifty feet ahead of Zyber's truck. Deshira and her two children exited the ice cream truck. Shortly after arriving, Deshira was tasered by the police and shot by Officer Morrison. After Deshira was shot, police officers allegedly placed handcuffs on her and propped her up to a sitting position. An ambulance took Deshira from the scene. Deshira passed away upon arriving at the hospital.

Zyber was ultimately handcuffed and arrested on charges of obstruction. Zyber's children were taken to Child Haven. The police then interviewed one or more of the children regarding the incident.

A coroner's inquest is scheduled to take place on April 10, 2008, and April 11, 2008. Plaintiffs' are seeking to obtain information and documents from the City of Henderson and Clark County along with copies of audio recordings of the interviews of the minor children that were made by the Henderson Police Department.

Plaintiffs filed their complaint in the Eighth Judicial District Court of Nevada on April 4, 2008. The complaint asserts causes of action for enforcement of Clark County Code § 2.12.080 et seq., violation of Due Process, injunctive relief, mandamus, and declaratory judgment. Defendants removed the action to this court on April 7, 2008. Plaintiffs now ask this court to remand the case or, in the alternative, to issue a temporary restraining order requiring Defendants to provide documents and information related to the shooting along with the audio recordings at least twenty-

four hours prior to the coroner's inquest.

**II. Discussion**

    **A. Jurisdiction**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). One instance in which the district courts of the United States have "original jurisdiction" is where the claim involves a federal question of law. The proper procedure for challenging a removal is a motion to remand. A court may order remand either for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567.

In this case, Plaintiffs argue there is no significant federal question since Plaintiffs seek to enforce rights granted under the Clark County Code. Nevertheless, Plaintiffs acknowledge that their second claim for relief alleges a violation of the Fifth Amendment of the United States Constitution. *See* (Notice of Removal, Compl., Ex. A ¶ 87.) The Complaint alleges that the Clark County Code gives Plaintiffs a life, liberty or property interest in full and fair proceedings at the coroner's inquest. *Id*. ¶¶ 90-91. As the complaint raises a substantial constitutional cause of action that is not absolutely devoid of merit, *see Hagens v. Lavine*, 415 U.S. 528 537-38 (1974) (citations omitted), this court has jurisdiction pursuant to 28 U.S.C. § 1331.

///

**B. Abstention**

Plaintiffs next argue that this court should abstain because this case primarily involves a state law dispute. Plaintiffs have not identified a specific abstention doctrine that would bar this action. However, in light of the facts and procedural history of this case, the court will interpret Plaintiffs' argument as one based on *Younger* abstention.

In *Younger v. Harris*, the plaintiff was indicted in state court for a violation of California's Criminal Syndicalism Act. 401 U.S. 37, 38 (1971). The plaintiff sought an injunction against the state criminal prosecution on the grounds that it violated his rights under the First and Fourteenth Amendments to the constitution. *Id*. at 38-39. On direct appeal, the Supreme Court concluded that the injunction "must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id*. at 41. Although *Younger* concerned state criminal proceedings, the abstention doctrine has since been extended to apply to pending state administrative proceedings that are judicial in nature. *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1272 (9th Cir. 1994) (citing *New Orleans Public Serv., Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 370 (1989)).

Pursuant to Ninth Circuit Precedent, "'[a]bstention by a district court is required under *Younger* when three criteria are satisfied: (1) State judicial proceedings are ongoing; (2) The proceedings implicate important state interests; and (3) The state proceedings provide an adequate opportunity to raise federal questions.'" *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (quoting *Commc'n Telesystems Int'l v. California Public Utility Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999)).

Here, the court finds younger abstention is inappropriate. The coroner's inquest does not give Plaintiffs an opportunity to raise their due process concerns. Pursuant to Section 259.050 of the Nevada Revised Statutes, a coroner's inquest is held when a person has been killed "under such circumstances as to afford reasonable ground to suspect that the death has been occasioned by

4

unnatural means." Nev. Rev. Stat.§ 259.050.  The jury of the inquest "shall render their verdict and certify the same by an inquisition in writing, singed by them, and setting forth the name of the deceased, when, where and by what means he came to his death."  Nev. Rev. Stat. § 259.110.  If the decedent was killed by criminal means, the jury sets forth the name of the person who caused the death.  *Id*.  Thus, the purpose of the proceeding is to determine the cause of death and whether it was the result of criminal means.  There is no opportunity in such a proceeding to raise the federal question at issue.  Thus, abstention is inappropriate in this case.

## C. Preliminary Injunction

The Ninth Circuit uses two alternative tests to determine whether a preliminary injunction should issue.  According to the "traditional test," the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest.  *Textile Unlimited, Inc. v. A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir.1980)).  In the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor.  *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir.2000)).

Plaintiffs argue that a preliminary injunction should issue in order to preserve their rights pursuant to Clark County Code § 2.12.080.  Section 2.12.080 permits "interested parties" to "submit any proposed questions in writing to the presiding officer or the inquest clerk."  Clark County Code § 2.12.080(j)(2).  The presiding officer has discretion to ask these questions.  *Id*.  An

1  "interested party" is defined as (1) a member of the deceased's family within the second degree of
2  consanguinity, (2) the person or persons causing death or members of said person or person's
3  family within the second degree of consanguinity or (3) an attorney duly licensed to practice law in
4  the state of Nevada. Clark County Code § 2.12.080(J)(2)(A)-(C). Here, Plaintiffs are interested
5  parties as they are members of the deceased's family within the second degree of consanguinity.

6        The court finds a preliminary injunction is not warranted as Plaintiffs have failed to show
7  either probable success on the merits or that serious questions have been raised. The Due Process
8  Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property,
9  without due process of law." U.S. Const. Amend. XIV § 1. Procedural due process is analyzed in
10 two steps. First, the court determines whether there is a liberty or property interest that has been
11 interfered with by the State. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460
12 (1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972)). Second, the
13 court examines whether the procedures attendant upon that deprivation were constitutionally
14 sufficient. *Id*. (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

15       Plaintiffs argue Section 2.12.080 creates either a liberty or property interest protected by the
16 Due Process Clause. Property interests are not created by the constitution. *Bd. of Regents of State*
17 *Colleges v. Roth*, 408 U.S. 564, 577 (1972). "Rather they are created and their dimensions are
18 defined by existing rules or understandings that stem from an independent source such as state law-
19 rules or understandings that secure certain benefits and that support claims of entitlement to those
20 benefits." *Id*. To have a property interest, a person must have more than an abstract need or desire
21 for it. *Id*. Instead, a person must have "a legitimate claim of entitlement to it." *Id*. Property
22 interests protected by the Due Process clause include statutory entitlements such as the right to a
23 public education, *Goss v. Lopez*, 419 U.S. 565 (1975), a driver's license, *Bell v. Burson*, 402 U.S.
24 535 (1971), and public assistance, *Goldberg v. Kelly*, 397 U.S. 254 (1965).

25       In this case, Plaintiffs argue they have a property interest in the documents and sound
26

6

recordings at issue. The court disagrees. Section 2.12.080 does not provide Plaintiffs any entitlement to documents or other types of discovery prior to the coroner's inquest. *See* Clark County Code § 2.12.080. Section 2.12.080 requires the presiding officer to meet with the coroner and representatives of the district attorney's office and determine what evidence and witnesses will be needed. Clark County Code § 2.12.080(e). The presiding officer is further required to obtain a copy of all records, exhibits or other evidence that they determine to be relevant to the matter under investigation. Clark County Code § 2.12.080(g). The Clark County Code does not, however, give any other person or entity the right to obtain the records, exhibits or other evidence. With respect to "interested parties," Section 2.12.080 gives them the right to submit written questions to the presiding officer. Clark County Code § 2.12.080(j). This ability to submit written questions to the presiding officer that may or may not be asked in no way gives an interested party a legitimate claim of entitlement to documents and other evidence. Thus, Plaintiffs have no property interest in the documents and sound recordings at issue.

With respect to liberty interests, such an interest may arise from either the Due Process Clause itself or the laws of the State. *Id*. (citing *Hewitt*, 459 U.S. at 466). "'[A] State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id.* at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). "[T]he most common manner in which a State creates a liberty interest is by establishing 'substantive predicates' to govern official decision-making, and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." *Id*.

In this case, the Clark County Code does not grant Plaintiffs any right other than to present questions in writing to the presiding officer. *See* Clark County Code § 2.12.080(j)(2). The presiding officer then has discretion as to whether he or she asks the questions. *Id.* Section 2.12.080 does not give an "interested party" the right to obtain any documents related to the proceeding or to conduct any type of discovery. Furthermore, the decision ultimately reached by

the inquest jury does not affect any of Plaintiffs' substantive rights. While Plaintiffs argue that their right to submit questions is meaningless unless they are given access to documents, it is not the role of this court to interpret the scope of Section 2.12.080. Rather, the role of this court is to determine whether Section 2.12.080 creates a liberty or property interest that is being deprived without due process of law. Section 2.12.080 does not create a liberty interest in obtaining the documents and voice recordings request because it does not establish substantive predicates to govern official decision-making nor does it mandate any outcome to be reached upon a certain finding. For this reason, Plaintiff cannot show either probable success on the merits or that serious questions have been raised. As a result, Plaintiffs cannot meet either of the alternative tests for issuance of a preliminary injunction.

The court notes that this order does not address any question relating to the underlying facts of this case. The court's order is confined to the legal question of whether Section 2.12.080 creates a Constitutional liberty or property interest in obtaining the documents and sound recordings at issue. As the court has found no such constitutionally protected interest, a preliminary injunction is not warranted.

IT IS THEREFORE ORDERED that Plaintiffs' Emergency Motion to Remand or in the Alternative, Emergency Application for Preliminary Injunction (# 5) is hereby DENIED.

IT IS SO ORDERED.

DATED this 9th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE