UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZYBER SELIMAJ, individually and as executor/administrator of the ESTATE OF DESHIRA SELIMAJ and on behalf of his minor children ALBAN SELIMAJ, AZBI SELIMAJ, and ARBER SELIMAJ,, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HENDERSON, an incorporated municipality in the State of Nevada, RICHARD PERKINS, in his capacity as Chief of Police of the City of Henderson Police Department, the COUNTY OF CLARK, a county in the State of Nevada, and DAVID ROGER, in his capacity as District Attorney for the County of Clark, <br><br> Defendants. | 02:08-CV-00441-LRH-LRL <br><br> <u>ORDER</u> |

Before the court are Defendants' motion for judgment on the pleadings[1] (#18[2]) and Plaintiffs' motion for leave to file an amended complaint (#24).

///

---

[1] Although Defendants label their motion as a "Motion to Dismiss Pursuant to FRCP 12(c)," the motion is actually a motion for judgment on the pleadings, as Defendants have answered Plaintiffs' complaint. *See* Fed. R. Civ. P. 12(c).

[2] Refers to the court's docket number

## I. Facts and Procedural History

Plaintiffs–the estate of Deshira Selimaj, Zyber Selimaj, Alban Selimaj, Azbi Selimaj, and Arber Selimaj–filed this action's initial complaint in the Eighth Judicial District Court of Nevada on April 4, 2008. That complaint seeks relief from Defendants City of Henderson, Richard Perkins, Clark County, and David Roger under the Clark County Code § 2.12.080 *et seq.* and the Due Process Clause of the Fourteenth Amendment.

After Defendants removed the case to this court, Plaintiffs moved for remand or, in the alternative, issuance of a temporary restraining order requiring Defendants to provide documents and information related to a coroner's inquest that took place on April 10-11, 2008. This court denied Plaintiffs' motion in a April 9, 2008, order.

On June 13, 2008, Defendants moved for judgment on the pleadings, arguing that the conclusion of the coroner's inquest on April 11, 2008, mooted Plaintiffs' case. On June 26, 2008, Plaintiffs filed a motion for leave to file an amended complaint.

## II. Discussion

An amended complaint will moot a motion for judgment on the pleadings when the amended complaint cures any deficiencies in the previously filed complaint. *See* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476, at 558 (2d ed. 1990). The court will therefore address Plaintiffs' motion to file an amended complaint as a threshold matter.

Federal Rule of Civil Procedure 15(a)(2) sets forth the standard a court must apply in considering a motion to file an amended complaint that is not permitted as a matter of course: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, Plaintiffs have not filed the amended complaint as a matter of course and have not obtained Defendants' consent to file the amended complaint; therefore, this court must decide whether justice requires leave to file the amended complaint.

2

In *Foman v. Davis*, the United States Supreme Court elaborated upon Rule 15(a)'s standard for granting leave to file an amended complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

371 U.S. 178, 182 (1962).

In the present case, Defendants have shown none of the factors that would warrant denial of Plaintiffs' motion to amend. Plaintiffs' motion for leave to amend was filed on June 26, 2008–only eighty-three days after the original complaint was filed in state court and before any formal discovery. Moreover, Defendants have made no showing of bad faith or prejudice if this court were to grant leave to file the amended complaint.

In opposition to the motion to amend, Defendants make three arguments, none of which have merit. First, Defendants argue that Plaintiffs could have included the new allegations in the original complaint, and therefore they should not be allowed to make the allegations now. The court disagrees. Omission of the new allegations in the original complaint is excusable given that Plaintiffs' were initially concerned with the coroner's inquest, which commenced seven days after Plaintiffs' filed their complaint. Furthermore, after this court denied Plaintiffs' motion for a preliminary injunction on April 9, 2008, Plaintiffs hired new counsel, who filed a notice of substitution on June 17, 2008. Only nine days after this notice of substitution, Plaintiffs filed the amended complaint.

Second, Defendants argue that the amended complaint's allegations are frivolous, and therefore amendment would be futile. This argument is without merit. The amended complaint alleges that an officer of the Henderson Police Department shot and killed Deshira Selimaj without justification, giving rise to causes of action under the United States Constitution, the Nevada

3

1  Constitution, and state tort law.  These allegations are not frivolous.

2      Finally, Defendants argue that this court should deny leave to amend because the amended
3  complaint is a complete reworking of the original litigation.  Again, this argument is without merit.
4  While pleading a new theory may have been disallowed at common law, no such restriction exists
5  in the Federal Rules, which reflect a policy of deciding cases on their merits.  *See* 6 Charles Alan
6  Wright et al., *Federal Practice and Procedure* § 1471, at 502, 505-507 (2d ed. 1990)

7      IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Complaint (#24) is
8  GRANTED.

9      IT IS FURTHER ORDERED that Defendants' motion for judgment on the pleadings (#18)
10 is DENIED as moot.

11     IT IS SO ORDERED.

12     DATED this 11th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE