UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZYBER SELIMAJ, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HENDERSON POLICE ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) | 2:08-cv-00441-LRH-LRL <br><br> Motion to Reduce Attorneys' Lien to Judgment and to Enforce Lien (#61) |

## REPORT & RECOMMENDATION

This case comes before the court on Jimmerson Hansen's Emergency Motion to Reduce Attorneys' Lien to Judgment and to Enforce Lien (#61). The court has considered the motion, plaintiffs' Opposition (#69), defendants' Opposition (#70), plaintiffs' Joinder to Defendants' Opposition (#71), Jimmerson Hansen's Reply (#76), and the representations and arguments of counsel during the hearing on November 3, 2009.

### BACKGROUND

On February 12, 2008, plaintiff's wife, Deshira Selimaj, was shot and killed by a Henderson Police officer. On February 19, 2008, plaintiff retained Jimmerson Hanson (hereafter "JH") to (1) file a civil action against the Henderson Police Department and any of its officers who were involved in the shooting incident, (2) assist plaintiff with the Coroner's Inquest, and (3) defend plaintiff against a misdemeanor charge brought by the City of Henderson. JH hired a private investigator, who located nearly a dozen eye witnesses to the shooting, some of whose accounts of what they saw supported plaintiff's version of the incident.

JH also retained an expert on police practices and use of force, an expert on ballistics, and a forensic pathologist who performed an independent autopsy.

On April 4, 2008, six days before a Coroner's Inquest was to begin, JH filed a civil complaint in state court against the City of Henderson and its Police Chief, and Clark County and its District Attorney, seeking an order requiring the defendants to conduct the inquest impartially and to give plaintiff access to the state's evidence. On April 7, 2008, the defendants removed the case to the federal court in Las Vegas. On April 8, 2008, plaintiff filed an emergency motion to remand the case to state court, or, in the alternative, for a preliminary injunction seeking virtually the same relief originally sought in state court regarding the inquest proceeding. The Honorable Larry R. Hicks, U.S. District Judge, denied the motion on April 9, 2008. The Coroner's Inquest went forward on April 10 and 11, 2008. The central issue was whether at the time of the shooting Mrs. Selimaj was wielding a knife and posing an immediate threat of physical harm to the officers. The Coroner's Jury concluded that the shooting was justified. The City of Henderson thereafter dropped its misdemeanor charge against plaintiff.

On June 16, 2008, the firm of Cristalli & Saggese formally substituted into this case as counsel for plaintiff. *See* Substitution of Counsel (#21, filed June 17, 2008). Plaintiff and JH have different perspectives on what led to the undoing of their attorney-client relationship, and on whether plaintiff should have to reimburse JH for the costs it fronted on plaintiff's behalf. At the November 3, 2009 hearing, plaintiff maintained that JH had "fired him." Upset that he had been "fired," plaintiff believed it would be "wrong" for the court to make him reimburse JH for the costs. Alternatively he was particularly troubled by the amount of money that had been paid to the private investigator.

Contrariwise, JH asserted at the hearing that plaintiff had been making certain demands that JH had been unwilling or unable to meet, such as plaintiff's demand that JH provide him with living expenses. JH also complained that plaintiff had been ungrateful for the hard work that JH had done on his behalf, and had talked about wanting to hire Marc Saggese as his

attorney. Most importantly, JH advised the court that when it gave plaintiff a candid assessment of the potential weaknesses of his case, "it did not go over well with him." Indeed, according to JH, plaintiff became quite upset with JH. In or about late May or early June, 2008, plaintiff contacted Mr. Saggese concerning his possible representation of plaintiff. At about the same time plaintiff and JH agreed to go their separate ways.

The understanding between JH and plaintiff was memorialized in a letter from James Jimmerson, dated June 2, 2008, a copy of which is appended to this R&R as Attachment 1. Mr. Jimmerson wrote, in pertinent part:

> This letter is sent to confirm our mutual understanding that this firm will not be going forward and will not be representing you in any further matters involving the City of Henderson arising from the shooting of your wife by a City of Henderson Police Officer, Luke Morrison in February of 2008.
> * * *
> I take it as a fair statement that notwithstanding the testimony of other witnesses as well as yourself, that Deshira was wielding a knife at the time that she was shot. The testimony of your children is also powerful evidence of the same even though the circumstances of obtaining their statements is highly unusual and, in my opinion, inappropriate. Our expert consultant, Mr. Martinelli, has concluded that the City of Henderson Police acted reasonably and under qualified immunity in light of your wife wielding a knife at the time she was shot.

Mr. Jimmerson wrote that although he did not "for a moment" believe the shooting was justified, he noted that "Henderson policy and procedure does allow for the use of deadly force in responding to a person who is wielding a knife. To date, I have not found an expert consultant who would agree with our side." Hence, "we are unwilling to commence litigation against the City of Henderson, and related entities in a federal or state court action." He added, "In light of the substantial amount of time and costs we have already expended on your behalf, which you are not under any obligation to repay unless you succeed in recovering a settlement or verdict in your matter through other means, ... we would expect you to reimburse us for our costs only. ... As noted above, your only obligation to our firm is to reimburse this firm the substantial out-of-pocket costs that we have expended on your behalf in the event you obtain

3

a recovery." On June 16, 2008, the day JH and Cristalli & Saggese signed the substitution of counsel, JH filed a Notice of Attorney's Lien and Lien (#19). On July 29, 2009, JH served a Notice of Amended Attorney's Lien and Amended Lien in the principal amount of $19,633.26, which, with interest at the rate of 1½ % per month, totaled $23,825.99.

On February 19, 2009, plaintiff's new counsel, Mr. Saggese, filed an amended complaint accusing the Henderson Police Department and a number of its officers of a variety of federal civil rights violations and a number of related state torts arising out of excessive use of force by the Police Department in the shooting death of Deshira Selimaj. Six months later, on August 14, 2009, the parties submitted a Joint Status Report (#60), in which they announced that they had reached a settlement. On the same day JH filed the instant Emergency Motion to Reduce Attorneys' Lien to Judgment and to Enforce Lien (#61).

## DISCUSSION

There is no issue regarding JH's right to enforce the attorney's lien, and reduce it to judgment. *See* N.R.S. 18.015(4) and *Gordon v. Stewart*, 74 Nev. 115, 118, 324 P.2d 234, 235-36 (1958). Nor is there an issue whether the lien can be adjudicated at this stage of the litigation. This case has settled, and plaintiff has been paid. *Cf. Montgomery v. Etreppid Technologies, LLC*, 2007 WL 3015226 (D. Nev. 2007).[1] The only issue presented here is whether the costs were properly incurred and were reasonable.

At the hearing plaintiff quite emotionally, but equally illogically, insisted that because JH "fired" him, he should not have to pay any of the costs advanced by JH. Based on the record as a whole, it is clear to the undersigned that plaintiff misapprehends the cause of the dissolution of his attorney-clients relationship with JH. It was, of course, JH's responsibility to provide its client with an objective analysis of the strengths and weaknesses of his case, and not merely tell him what he wanted to hear. It is apparent that when JH began to explain to plaintiff that his

---

[1] The firm of Cristalli & Saggese has set aside funds that will satisfy the lien.

case had certain weaknesses, plaintiff simply did not want to hear it. It appears that because plaintiff was unable emotionally to accept JH's view, he lost confidence in the firm, and set about to find new counsel. In essence it appears to be plaintiff's feeling that because JH did not tell plaintiff he would win his case hands down at trial, plaintiff should not be required to reimburse JH's costs. Such a view is unsupportable as a matter of law.

The Attorney's Retainer Agreement dated February 19, 2008, attached to JH's Emergency Motion (#61) as Exhibit 2, provides in ¶ 6:

> CLIENT shall advance and pay to ATTORNEY all costs including, but not limited to, court reporter fees, expert consultant and witness fees, computer research fees, private investigator fees, process server fees, courier fees, copy charges, long distance phone calls, filing fees, mailing costs, parking fees and other disbursements made in connection with this matter. ... **Any unpaid costs will be deducted from the CLIENT's share of any recovery in the matter after the above fee calculations are made from the gross settlement amount. CLIENT is responsible for costs regardless of the outcome of the case.**

(Emphasis in the original). The retainer agreement was signed by Mr. Selimaj and Mr. Jimmerson.

In the alternative, plaintiff asserts that the costs for which JH is seeking reimbursement are too high. Specifically, he claims that he "doesn't understand" why so much money was paid to the private investigator. JH's Detail Cost Transaction List attached to JH's Emergency Motion (#61) as Exhibit 10, purports to detail all costs paid by JH during this litigation. With regard specifically to the fees paid to the investigator, Hal DeBecker of DeBecker Investigations, Inc., the Cost Transaction List reflects that Mr. DeBecker was paid a $5,000.00 retainer on February 25, 2008, an additional $3,068.35 on April 1, 2008, and a third and final payment of $1,520.00 on April 25, 2008, for a total of $9,588.35. His hourly rate was $95.00, which was not excessive. Mr. DeBecker and another investigator spent three days locating numerous witnesses, then Mr. DeBecker spent numerous hours interviewing plaintiff and all the witnesses, and a full day doing background research on a key police witness and another full day

attending the Coroner's Inquest. *See* the DeBecker Investigations Invoices dated March 28, 2008 and April 11, 2008, attached to Mario Lovato's November 3, 2009 letter faxed to the undersigned's chambers on November 3, 2009; the November 3, 2009 letter is appended to this R&R as Attachment 2. The investigator was hired shortly after the shooting incident, and was able to identify close to a dozen eye witnesses, some of whom contradicted the official police version of what occurred. Contrary to plaintiff's reservations about the need for the investigator, the court finds that the investigator's work was necessary and helpful, and his fees of $9,588.35 were reasonable and justified.[2]

The court has reviewed JH's entire Detail Cost Transaction List, and finds that none of the costs was either unnecessary or unreasonable. The court therefore finds that the total costs of $19,633.26 were reasonable and necessary, and should be reimbursed by plaintiff. The court also finds, however, that the rate of interest on the unpaid costs of 1½% per month, or 18% per year, is excessive. The undersigned therefore recommends that interest on the unpaid costs be reduced to 3% per year.

. . .

---

[2] In his November 3, 2009 letter to the undersigned, Mr. Lovato states that Mr. DeBecker billed for only $4,608.35, which was paid out of the initial $5,000.00 retainer. Mr. DeBecker's invoices and JH's Detail Cost Transaction File List reflect, however, that the total amount billed by Mr. DeBecker was $9,588.35, and the total amount paid to him was $9,588.35.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned U.S. Magistrate Judge that Jimmerson Hansen's Emergency Motion to Reduce Attorneys' Lien to Judgment and to Enforce Lien (#61) be granted to the following extent: the court should require plaintiff to reimburse Jimmerson Hansen the sum of $19,633.26 for the costs Jimmerson Hansen expended on plaintiff's behalf in this litigation, plus interest at the rate of 3% per year.

DATED this 29th day of March, 2010.

_____
LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT 1



**JIMMERSON HANSEN**
ATTORNEYS AT LAW

James J. Jimmerson *
Lynn M. Hansen *

Mario P. Lovato *
Michele L. Roberts

*ALSO ADMITTED IN CALIFORNIA

Personal & Confidential

June 2, 2008

Mr. Zyber Selimaj
268 Hyssop Court
Henderson, NV 89015

Re:   Selimaj, et al. v. City of Henderson, et al.

Dear Zyber:

This letter is sent to confirm our mutual understanding that this firm will not be going forward and will not be representing you in any further matters involving the City of Henderson arising from the shooting of your wife by a City of Henderson Police Officer, Luke Morrison in February of 2008.

This decision has not been an easy one to reach but is one that we believe is appropriate under the facts and circumstances of this matter. We appreciate your expression of confidence in our firm and we have responded by advancing tens of thousands of dollars on your behalf through the hiring of multiple experts as well the expenditure of hundreds of hours of work on your behalf in this case, after you retained our firm, and through the coroner's inquest and subsequent conversations and meetings thereafter.

I take it as a fair statement that notwithstanding the testimony of other witnesses as well as yourself, that Deshira was wielding a knife at the time that she was shot. The testimony of your children is also powerful evidence of the same even though the circumstances of obtaining their statements is highly unusual and, in my opinion, inappropriate. Our expert consultant, Mr. Martinelli, has concluded that the City of Henderson Police acted reasonably and under qualified immunity in light of your wife wielding a knife at the time she was shot.

I do not believe for a moment that the shooting was justified. Deshira was either on her knees or in a crouching position or attempting to stand up at the time that she was shot. She posed no serious threat to the trained police officers. Nonetheless, Henderson policy and procedure does allow for the use of deadly force in responding to a person who is wielding a knife. To date, I have not found an expert consultant who would agree with our side.

In light of the substantial amount of time and costs we have already expended on your behalf, which you are not under any obligation to repay unless you succeed in recovering a settlement or verdict in your matter through other means, at which time we would expect you to reimburse us for our costs only, and in light of the challenges that we foresee in going forward in this matter, we are unwilling to commence litigation against the City of Henderson, and related entities in a federal or state court action.

In light of the same, you are urged to consult other counsel to obtain a second opinion. If you desire to go forward with this litigation you certainly are free to retain other counsel. As noted above, your only obligation to our firm is to reimburse this firm the substantial out-of-pocket costs that we have expended on your behalf in the event you obtain a recovery.

I will also note that we have appreciated the opportunity of working with you, but do note that there seems to be an absence of appreciation by you of all the hard work, time, energy and money that we have expended on your behalf. We know that this has been an incredibly difficult time for you, a real tragedy. However, your conduct towards us evidences the fact that you appear to us to be exceedingly ungrateful for our efforts. We successfully handled all of your matters pending before the City of Henderson in the criminal cases, obtained a dismissal of the charges pending against you, with prejudice, foreclosed the City's desire to see an Order to Show Cause why you should not have your probation revoked in the earlier case, and proceeded with your case with vigor through the Coroner's Inquest. These efforts, at least based upon your last meeting with us and telephone calls to us, appear to be forgotten by you and/or unappreciated.

Your difficult financial position is in no way due to anything that our firm has done, yet you wish to blame anyone and everyone you can for your own financial troubles, which is unfair to us.

We do wish the best to you and to your three children and wish you much success in the future. Your thought of moving out of state we believe is clearly in your best interest, regardless whether you go forward with litigation against the City of Henderson or not. In some regard you may be viewed as a "marked man" by the City of Henderson Police Department. I have observed their behavior in this matter, and others, I believe you will receive little compassion from many of those officers if your paths cross again in the future.

You are free to retain counsel of your choice as we will not be going forward on your behalf on any matter. Assuming you decide to pursue this case with new counsel, the statute of limitations that would likely apply to your case is a two-year statute of limitations, however, because civil rights claims do not have clear-cut statute of limitations, we strongly recommend that you file the case within one year. Accordingly, to ensure that your case is not dismissed for being untimely, we strongly recommend that you have your next attorney file the case on or before February 11, 2009.

Sincerely,

Jimmerson Hansen, P.C.

James J. Jimmerson

JJJ/mg
cc:   Mario P. Lovato, Esq.
      Accounting

# ATTACHMENT 2

# JIMMERSON HANSEN
## ATTORNEYS AT LAW

### 415 SOUTH SIXTH STREET • SUITE 100 • LAS VEGAS, NEVADA 89101
### TELEPHONE: (702) 388-7171 • FACSIMILE: (702) 387-1167

| | | |
|---|---|---|
| Date: | Nov. 3, 2009  Time: 11:47 a.m. | No. of Pages: (including cover sheet): 5 |
| Deliver To: | Hon. Lawrence R. Leavitt | (702) 464-5541 |
| | Marc A. Saggese, Esq. | (702) 382-2977 |
| | Peter Angulo, Esq. | (702) 383-0701 |
| From: | Mario P. Lovato, Esq. | |

Client Name: Zyber Selimaj
Client Number:

( ) Original will **NOT** Follow
( X ) Original will Follow By: U.S. Mail
( ) Please Call Upon Receipt
( ) Response Needed By:
( ) For Your Approval/Suggestions/Information
( ) Service by Facsimile pursuant to EDCR 7.26

MESSAGE: Attached is letter from Mario P. Lovato, Esq. to Hon. Lawrence R. Leavitt dated November 3, 2009.

**IF YOU DO NOT RECEIVE ALL PAGES PLEASE CONTACT US IMMEDIATELY AT (702) 388-7171**

The information contained in this facsimile is from the law firm of Jimmerson Hansen which may be confidential and may also be attorney-privileged. The information is intended for the use of the individual or entity to whom it is addressed and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, use or copying of the contents of this information is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (702-388-7171) or by electronic mail (attorneys@jimmersonhansen.com) immediately and return the original message to us at the address above via the appropriate means of post. Thank you.

Sent by:    Margery Gilmore



James J. Jimmerson *
Lynn M. Hansen *

Mario P. Lovato *
Michele L. Roberts
Soroya M. Veiga
Shawn M. Goldstein

*ALSO ADMITTED IN CALIFORNIA

**JIMMERSON HANSEN**
ATTORNEYS AT LAW
CELEBRATING 35 YEARS 1974-2009

*Via Facsimile (464-5541) & U.S. Mail*

November 3, 2009

Hon. Lawrence R. Leavitt
United States District Court
District of Nevada
333 Las Vegas Blvd. South
Las Vegas, NV 89101

Re:   Zyber Selimaj adv. City of Henderson

Dear Magistrate Judge Leavitt:

This letter is written to clear up, and correct, any confusion that arose in relation to a couple inquiries made at the hearing that took place on November 3, 2009.

Your Honor inquired of the rate charged by our investigator, Hal Debecker. I responded by stating, "I do not know," and later stated that it might have been $150 per hour, but that I was not sure. As the attached invoices show, Mr. Debecker's rate was $95 per hour.

Also, reference was repeatedly made at the hearing to Mr. Debecker charging $10,000. In fact, the original reference in the cost detail is to a $5,000 **retainer**. The two other references to amounts are to bills for services rendered, whose payment was taken out of that retainer. Mr. Debecker only charged $5,000 for his services in this case. He billed a total of $4,608.35 during the first two months. He never sent a bill for the third month of work he did, after learning that the client and the firm agreed that the representation would end. He charged nothing for his services that month although he continued obtaining witnesses and other evidence and even attended the Coroner's Inquest. The enclosed invoices further detail these matters.

Sincerely,

Jimmerson Hansen

*[signature]*
Mario P. Lovato, Esq.

Enclosure

cc:   Mark Saggese, Esq., via facsimile (382-2977)
      Peter Angulo, Esq., via facsimile (383-0701)

415 SOUTH SIXTH STREET, SUITE 100 • LAS VEGAS, NV 89101 • (702) 388-7171 • FAX: (702) 380-6408 • EMAIL: mpl@jimmersonhansen.com
Selimaj\corresp.\misc.\saggese-debecker services

# JIMMERSON HANSEN
# CHECK REQUEST FORM

**Date/Time Needed:** _____  **Date:** _____

**Client Name:** Selinger, Zyber   **Client No.:** _____

**Check Amount:** $5,000.00

**Check Payable to:** Hal De Becker

**Reason for Check:** Retainer

**Tax ID/SSN of Vendor:** _____

**Check Requested By:** [signature]   **Return to/Mail:** _____

**FOR ACCOUNTING ONLY**

**Check Number:** _____   **Date Issued:** _____

JIMMERSON HANSEN, P.C. / CORPORATE ACCOUNT

51340

Hal De Becker
$5,000.00        Zyber Selinay
                 5208.01            POSTED

1

Click here to enter text \Manual Check Typewritten\Click here to enter text \G

NELCO [L1446HBG] 2182460

# DE BECKER INVESTIGATIONS, INC.

9360 W. Flamingo Rd., #110
Las Vegas, NV 89147
Phone: (702) 380-3801  Fax : (702) 383-9527
www.debeckerinvestigations.com

# INVOICE

Bill To:   Jimmerson Hansen Law Offices
           415 S. 6th Street
           Lass Vegas, NV 89101

Date:            3/28/2008
Invoice No:          0861
Federal Tax ID No:   20-3514701

Attn:   Jim Jimmerson

Re:   Deshira Selimaj Investigation

| DESCRIPTION | DATE | HOURS | TOTAL MILES | RATE | AMOUNT |
|---|---|---|---|---|---|
| Consultation – Zyber Zelimaj | 2/16/2008 | 3 | | $ 95.00 | $ 285.00 |
| Witness Location:  Two Investigators | 2/17/2008 | 6 | | $ 190.00 | $ 1,140.00 |
| Two Investigators | 2/18/2008 | 7 | | $ 190.00 | $ 1,330.00 |
| Two Investigators | 2/19/2008 | 6 | | $ 190.00 | $ 1,140.00 |
| A. Goldman / Z. Selimaj Interview | 2/20/2008 | 3 | | $ 95.00 | $ 285.00 |
| Witness Interview: Delaine Bomparola | 2/21/2008 | 1.5 | | $ 95.00 | $ 142.50 |
| Ian Campo | 2/21/2008 | 2 | | $ 95.00 | $ 190.00 |
| Witness Interview: Maria Saltonstall | 2/22/2008 | 2 | | $ 95.00 | $ 190.00 |
| Astrid Bean | 2/22//2008 | 2 | | $ 95.00 | $ 190.00 |
| Derrick Stewart | 2/23/2008 | 2 | | $ 95.00 | $ 190.00 |
| Document Preparation | 2/25/2008 | 4 | | $ 95.00 | $ 380.00 |
| Witness Interview: Allison Mcgrath | 3/7/2008 | 2 | | $ 95.00 | $ 190.00 |
| Document Preparation | 3/10/2008 | 5 | | $ 95.00 | $ 475.00 |
| | 03/11/08 | 2 | | $ 95.00 | $ 190.00 |
| Witness Interview: Sean Trejo | 03/12/08 | 4 | | $ 95.00 | $ 380.00 |
| Witness Interview: Melanie Nelson | 3/13/2008 | 2 | | $ 95.00 | $ 190.00 |
| Statements | 3/16/2008 | 2 | | $ 95.00 | $ 190.00 |
| | 3/19/2008 | 1.5 | | $ 95.00 | $ 142.50 |
| | 3/21/2008 | 2 | | $ 95.00 | $ 190.00 |
| | 3/25/2008 | 1.5 | | $ 95.00 | $ 142.50 |
| Document Preparation – Mario Lovato | 3/26/2008 | 2.5 | | $ 95.00 | $ 237.50 |
| Written Statemen – Derrick Stewart | 3/26/2008 | 1.5 | | $ 95.00 | $ 142.50 |
| Mileage | | | 247 | $ 0.55 | $ 135.85 |
| | | | | SUB TOTAL: | $ 8,088.35 |
| | | | | RETAINER: | $ 5,000.00 |

| TOTAL HOURS: | 64.5 |   | TOTAL DUE. | $ 3,088.35 |

CONFIDENTIAL DOCUMENT

# DE BECKER INVESTIGATIONS, INC.

9360 W. Flamingo Rd., #110
Las Vegas, NV 89147
Phone: (702) 380-3801 Fax: (702) 383-9527
www.debeckerinvestigations.com

# INVOICE

Bill To:   Jimmerson Hansen Law Offices
           415 S. 6th Street
           Lass Vegas, NV 89101

Attn:      Jim Jimmerson

Re:        Deshira Selimaj Investigation

Date:           4/11/2008
Invoice No:          0876
Federal Tax ID No:  20-3514781

| DESCRIPTION | DATE | HOURS | TOTAL MILES | RATE | AMOUNT |
|---|---|---|---|---|---|
| Research - Morrison | 3/28/2008 | 7 | | $ 95.00 | $ 665.00 |
| Locate - Jason Fitzpatrick | 4/6/2008 | 2 | | $ 95.00 | $ 190.00 |
| Research - Coroners Inquest | 4/11/2008 | 7 | | $ 95.00 | $ 665.00 |
| MILEAGE | | | | $ 0.55 | |
| | | | | SUB TOTAL: | $ 1,520.00 |
| | | | | RETAINER: | |

| TOTAL HOURS: | 16 |
|---|---|

| TOTAL DUE: | $ 1,520.00 |
|---|---|

CONFIDENTIAL DOCUMENT